# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 15, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| LINDY SELLS, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 20-745V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

Renee Ja Gentry, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner.
Emilie Williams, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

On June 22, 2020, Lindy Sells ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program," or "the Act"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that she suffered from acute disseminated encephalomyelitis ("ADEM") following the administration of a measles-mumps-rubella ("MMR") vaccination and varicella vaccination on October 1, 2018. Petition at Preamble (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

On July 11, 2024, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys who worked on her case. Petitioner's Motion for Interim Attorney's Fees and Costs ("Pet. Mot."), filed July 11, 2024 (ECF No. 124). Petitioner's request can be summarized as follows:

**The Law Office of Renee J. Gentry:**
**Fees** – $97,502.00
**Costs** – $35,500.35

**Petitioner's Costs** – $2,495.66

**Lamothe Law Firm, LLC:**
**Fees** – $4,132.80
**Costs** – $734.89

Petitioner thus requests a total of $140,365.70. Respondent filed his response on August 6, 2024, stating that he "defers to the [S]pecial [M]aster to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Aug. 6, 2024, at 2 (ECF No. 126). Petitioner did not file a reply.

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards $139,347.82 in attorneys' fees and costs.

## I.     DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

### A.    Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing the Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

### 1.    The Law Office of Renee J. Gentry

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Renee Gentry, $464.00 per hour for work performed in 2020, $489.00 per hour for work performed in 2021, $504.00 per hour for work performed in 2022, $531.00 per hour for work performed in 2023, and $561.00 per hour for work performed in 2024. Petitioner also requests $175.00 per hour for work performed by her counsel's paralegal in 2023 and 2024.

The undersigned finds that these requested rates are reasonable and in accordance with what has previously been awarded for their Vaccine Program work. See, e.g., Singleton v. Sec'y of Health & Hum. Servs., No. 17-1474V, 2024 WL 5087743, at *2 (Fed. Cl. Spec. Mstr. Nov. 12, 2024) (awarding the requested rates from 2020-2023); White v. Sec'y of Health & Hum. Servs., No. 21-471V, 2024 WL 3794716, at *1 (Fed. Cl. Spec. Mstr. July 8, 2024) (awarding the requested rate for 2024). Thus, the undersigned will award the rates requested.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable. Petitioner's counsel is therefore awarded $97,502.00 in attorneys' fees.

### 2. Lamothe Law Firm, LLC

Petitioner also requests the following hourly rates for the work of her prior counsel, Kristi Schubert[3] at Lamothe Law Firm: $350.00 per hour for work performed in 2019 and $378.00 per hour for work performed in 2020. Petitioner also requests a paralegal rate of $150.00 per hour for work performed in 2019 and 2020.

The undersigned finds these requested rates are reasonable and in accordance with what has previously been awarded for their Vaccine Program work. See, e.g., Houston v. Sec'y of Health & Hum. Servs., No. 18-420V, 2021 WL 5561441, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2021) (awarding the requested rates for 2019 and 2020); Botti v. Sec'y of Health & Hum. Servs., No. 20-0402V, 2021 WL 6424053, at *1 (Fed. Cl. Spec. Mstr. Dec. 8, 2021) (same). The undersigned will therefore award those rates in full.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable. Petitioner's counsel is therefore awarded $4,132.80 in attorneys' fees.

### B. Attorneys' Costs

#### 1. The Law Office of Renee J. Gentry

Petitioner requests costs of $35,500.35 consisting of the filing fee, medical records, mailing, costs related to the hearing, and costs for work performed by Dr. Carlo Tornatore.

Petitioner requests a total of $28,125.00 for Dr. Tornatore, representing 62.5 hours of work billed at a rate of $450.00 per hour. The undersigned finds this rate reasonable and in accordance what Dr. Tornatore has been granted in the past, and will award it in full. See, e.g., Ferrari v. Sec'y of Health & Hum. Servs., No. 19-93V, 2024 WL 4503644, at *3 (Fed. Cl. Spec. Mstr. Aug. 22, 2024).

Upon review, the undersigned find a reduction necessary for counsel's use of luxury transportation services (Lyft Black). It is well-known in the Vaccine Program that the use of luxury services for travel are not permitted because they exceed what is reasonable for a Program cost award. See, e.g., Orrell v. Sec'y of Health & Hum. Servs., No. 17-726V, 2020 WL 6747477, at *2 (Fed. Cl. Spec. Mstr. Oct. 20, 2020) (cutting Uber Black charges in half); Powers v. Sec'y of Health & Hum. Servs., No. 18-1468V, 2020 WL 8457658, at *3 (Fed. Cl. Spec. Mstr. Dec. 14, 2020) (same). Ms. Gentry charged $94.34, including tip, for Lyft Blacks to and from Petitioner for trial preparation. The undersigned finds this cost excessive and will reduce it by half, resulting in a reduction of $47.17.

---

[3] Although the billing records do not contain Ms. Schubert's name, her name is on various records requesting medical records. See, e.g., Pet. Ex. 3 at 5.

4

      **2.**      **Lamothe Law Firm, LLC**

Petitioner's prior firm, Lamothe Law Firm, requests costs of $734.89, representing medical records and postage. The undersigned finds these costs well documented and reasonable and will award them in full.

      **C.**      **Petitioner's Costs**

Petitioner requests costs of $2,495.66 relating to the hearing, including transportation (airfare and Ubers), lodging, and meals. The undersigned finds the following reductions reasonable and necessary.

Petitioner requests airfare to and from Washington, DC for the entitlement hearing for her and two of her sons, Matthew and Thomas, totaling $614.88. Generally, reimbursement of travel costs for family members who do not testify is not reasonable. See, e.g., Gramza ex rel. J.G. v. Sec'y of Health & Hum. Servs., 2017 WL 3574794, at *6 (Fed. Cl. Spec. Mstr. June 28, 2017) (denying reimbursement of travel costs for two family members who did not testify at the entitlement hearing). However, the undersigned will allow an exception in this case because of circumstances specific to this case.

With regard to lodging, Petitioner stayed at an AirBnB for seven nights in Washington, DC for $1,495.21. Petitioner's description of expenses noted that "staying [a] week was less expensive than hotels for three days." Pet. Mot. at 4. However, no proof was provided to substantiate Petitioner's claim. Additionally, the entitlement hearing in this matter was set for May 1-2, 2024 and it would be reasonable to fly in April 30 and leave May 3, totaling three nights.

Special masters have declined to compensate petitioners for extra nights in a hotel. See, e.g., Gramza, 2017 WL 3574794, at *5 (reducing expenses related to extra days in Washington, DC and finding "[t]he Program is not responsible for reimbursing an extended visit to Washington, DC, for counsel or petitioners themselves, regardless of the distance the parties must travel"); Fuller ex rel. B.F. v. Sec'y of Health & Hum. Servs., No. 15-1470V, 2019 WL 4648907, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019) (declining to compensate a petitioner for two extra nights in a hotel due to "the difficulty of traveling with a 1 year old"); Broekelschen v. Sec'y of Health & Hum. Servs., No. 07-137V, 2011 WL 2531199, at *13 (Fed. Cl. Spec. Mstr. June 3, 2011) (refusing to compensate for an extra night's hotel stay "to accommodate time zone changes"), mot. for review denied, 102 Fed. Cl. 719, 732 (2011). The undersigned does not find the prolonged stay reasonable, and will award Petitioner for only three nights, totaling $640.80.[4] This results in a reduction of $854.41.[5]

For meals, Petitioner requests Uber eats charges for groceries from Target ($80.57) and two restaurants ($103.42 on April 30 and $83.50 on May 1). Petitioner's description of expenses

---

[4] $1,495.21 % 7 nights = $213.60.  $213.60 x 3 nights = $640.80.

[5] $1,495.21 - $640.80 = $854.41.

5

notes she "[l]imited [her] meals out to two" (presumably related to the scheduled two days for the hearing) and "ordered groceries for other meals." Pet. Ex. at 4. As the undersigned has already found the additional stay past three nights non-compensable, the undersigned will deduct the Target grocery charge of $80.57. Even if some of these groceries were for the time during the hearing, this charged occurred on April 28, three days before the entitlement hearing began on May 1. Additionally, Petitioner's Target order contained items that were not related to meals (e.g., sunscreen), which is noncompensable, as well as 12 diet cokes and 12 Dr. Peppers, which presumably would not be for only three nights.

Lastly, for Uber expenses, the undersigned finds it reasonable to reimburse Ubers to and from the hearing, to and from a meeting with Petitioner's counsel, and to and from the airport. Even though Petitioner labeled these Ubers as such on her description of expenses chart, the documentation provided does not match such requests. For example, Petitioner requests $22.25 for an Uber on May 1 from the hearing to her AirBnB. Pet. Mot. at 4. However, the only uber for this amount was on the night of May 2 and neither began nor ended at Petitioner's AirBnB or the Court. Additionally, Petitioner charged $13.48 for an Uber from the airport to the AirBnB on April 29. However, Petitioner's airfare shows Petitioner flew into Washington DC on April 27 with her son Matthew, Petitioner's son Thomas flew into Washington DC on April 30, and this Uber receipt does not begin at the airport.

The undersigned will deduct these charges, totaling $35.73.[6] Petitioner may request compensation for her Uber from the airport on April 27 and her Uber from the hearing to her AirBnB on May 1 in her final fees request.

Overall, the undersigned finds a reduction of $970.71[7] appropriate and reasonable.

## II.    CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

**The Law Office of Renee J. Gentry**:
|  |  |
|---|---|
| Requested Attorneys' Fees: | $97,502.00 |
| Reduction of Attorneys' Fees: | - $0.00 |
| Awarded Attorneys' Fees: | $97,502.00 |
| Requested Attorneys' Costs: | $35,500.35 |
| Reduction of Attorneys' Costs: | - $47.17 |
| Awarded Attorneys' Costs: | $35,453.18 |
| **Total Attorneys' Fees and Costs:** | **$132,955.18** |

---

[6] $22.25 + $13.48 = $35.73.

[7] $854.41 + $80.57 + $35.73 = $970.71.

**Petitioner**:

| | |
|---|---|
| Requested Costs: | $2,495.66 |
| Reduction of Costs: | - $970.71 |
| **Total Petitioner's Costs:** | **$1,524.95** |

**Lamothe Law Firm, LLC**:

| | |
|---|---|
| Requested Attorneys' Fees: | $4,132.80 |
| Reduction of Attorneys' Fees: | - $0.00 |
| Awarded Attorneys' Fees: | $4,132.80 |
| | |
| Requested Attorneys' Costs: | $734.89 |
| Reduction of Attorneys' Costs: | - $0.00 |
| Awarded Attorneys' Costs: | $734.89 |
| | |
| **Total Attorneys' Fees and Costs:** | **$4,867.69** |

**Accordingly, the undersigned awards:**

**Petitioner is awarded attorneys' fees and costs in the amount of $139,347.82 (representing $132,955.18 for Petitioner's attorneys' fees and costs, $1,524.95 for Petitioner's personally incurred costs, and $4,867.69 for Lamothe Law Firm, LLC's fees and costs), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[8]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.