# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 9, 2026

```
* * * * * * * * * * * * * * * * * * * * * * * *
LINDY SELLS,                        *         PUBLISHED
                                    *
              Petitioner,           *         No. 20-745V
                                    *
v.                                  *         Special Master Nora Beth Dorsey
                                    *
SECRETARY OF HEALTH                 *         Damages Award; Measles-Mumps-Rubella
AND HUMAN SERVICES,                 *         ("MMR") Vaccine; Varicella Vaccine;
                                    *         Acute Disseminated Encephalomyelitis
              Respondent.           *         ("ADEM").
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Renee J. Gentry, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner.
Emilie Williams, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On June 22, 2020, Lindy Sells ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2]  Petitioner alleged that she suffered acute disseminated encephalomyelitis ("ADEM") as a result of receiving a measles-mumps-rubella ("MMR") vaccine and/or a varicella vaccine on October 1, 2018.  Petition at Preamble (ECF No. 1).  On January 24, 2025, the undersigned issued a ruling finding Petitioner entitled to compensation.  Ruling on Entitlement dated Jan. 24, 2025 (ECF No. 145).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On March 9, 2026, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  Proffer at 1-3.  Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

(1) **A lump sum payment of $1,682,279.58, representing compensation for life care expenses expected to be incurred during the first year after judgment ($56,775.58), lost earnings ($1,372,933.00), pain and suffering ($250,000.00), and past unreimbursable expenses ($2,571.00), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, Lindy Sells.**

(2) **A lump sum of $1,395.15 representing reimbursement of a Medicaid lien for services rendered to Petitioner by Healthy Louisiana, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to:**
    **HEALTHY BLUE**
    **Attn: Levi Pennington**
    **Subrogation Analyst Sr.**
    **PO Box 659940**
    **San Antonio, TX 78265 - 9939**
    **File No: 122958473**

(3) **An amount sufficient to purchase an annuity contract described in Section II.C. of the Proffer.**

Proffer at 1.  This amount represents all elements of compensation to which Petitioner is entitled under § 15(a).  Id.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

   **IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| LINDY SELLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 20-745V |
| v. | ) | Special Master Dorsey |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN | ) | |
| SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 22, 2020, Lindy Sells ("petitioner") filed a petition for compensation under the

National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or

"Act"), alleging that she suffered from acute disseminated encephalomyelitis

("ADEM") as a result of a measles-mumps-rubella ("MMR") vaccine and/or a

varicella vaccine that she received on October 1, 2018.  Petition at Preamble (ECF No. 1).  On

January 24, 2025, Special Master Dorsey issued an entitlement decision in favor of petitioner.

ECF No. 150.  Respondent now proffers the following regarding the amount of compensation to

be awarded.[1]

**I.    Items of Compensation**

A.    Life Care Items

Respondent engaged life care planners Laura E. Fox, MSN, BSN, RN, CLCP and M.

Virginia Walton, MSN, RN, FNP, CNLCP, and petitioner engaged Susan Guth, LCSW, CCM,

---

[1] The parties have no objection to the amount of the proffered award of damages.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's January 24, 2025, Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act.  This right accrues following the issuance of the damages decision.

CLCP, to provide an estimation of petitioner's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine injury" is as described in the Special Master's January 24, 2025, Ruling on Entitlement.  All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Lindy Sells, attached hereto as Tab A.  Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.[2]  Petitioner agrees.

B.    Lost Earnings

Petitioner has suffered past loss of earnings and will suffer future loss of earnings as a result of her vaccine-related injury.  Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for petitioner's past and future lost earnings is $1,372,933.00. Petitioner agrees.

C.    Pain and Suffering

Respondent proffers that petitioner should be awarded $250,000.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.    Past Unreimbursable Expenses

---

[2] The chart at Tab A illustrates respondent's position on annual amounts for life care expenses. Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,571.00. Petitioner agrees.

E.      Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy a Healthy Louisiana Medicaid lien in the amount of $1,395.15, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Healthy Louisiana may have against any individual as a result of any Medicaid payments Healthy Louisiana has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October 1, 2018, under Title XIX of the Social Security Act.

II.      **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

A. A lump sum payment of $1,682,279.58, representing compensation for life care expenses expected to be incurred during the first year after judgment ($56,775.58), lost earnings ($1,372,933.00), pain and suffering ($250,000.00), and past unreimbursable expenses ($2,571.00), to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Lindy Sells.

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

3

B.  A lump sum of $1,395.15[4] representing reimbursement of a Medicaid lien for services rendered to petitioner by Healthy Louisiana, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

HEALTHY BLUE
Attn: Levi Pennington
Subrogation Analyst Sr.
PO Box 659940
San Antonio, TX 78265 - 9939
Filel No: 122958473

C.  An amount sufficient to purchase an annuity contract,[5] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[6] from

---

[4] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that Healthy Louisiana may have against any individual as a result of any Medicaid payments Healthy Louisiana has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of petitioner's alleged injury relating to a vaccine administered on October 1, 2018, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

[5]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[6]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:
     a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
     b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
     c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

4

which the annuity will be purchased.[7]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Lindy Sells, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Lindy Sells, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Lindy Sells's death.

---

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[7]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

    3.       <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.    <u>Summary of Recommended Payments Following Judgment</u>**

| | | |
|---|---|---:|
| A. | Lump Sum paid to petitioner, Lindy Sells: | **$1,682,279.58** |
| B. | Medicaid lien: | **$    1,395.15** |
| C. | An amount sufficient to purchase the annuity contract described above in section II.C. | |

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

<u>s/ *Emilie F. Williams*</u>
EMILIE F. WILLIAMS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-1024
Email: Emilie.williams@usdoj.gov

Dated:      March 9, 2026

Certificate of Service

I certify that on 9 March 2026, a copy of the foregoing pleading was served on counsel for petitioner by email at renee@gentryesq.com.


s/ Emilie F. Williams

**Appendix A:  Items of Compensation for Lindy Sells**                    Page 1 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-4 | Compensation Year 5 | Compensation Years 6-9 | Compensation Year 10 | Compensation Year 11 | Compensation Year 12 | Compensation Years 13-Life |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2026 | 2027-2029 | 2030 | 2031-2034 | 2035 | 2036 | 2037 | 2038-Life |
| Medicare Part B Premium | 5% | | M | 1,174.80 | 1,174.80 | 1,174.80 | 1,174.80 | 1,174.80 | 1,174.80 | 1,174.80 | |
| Medicare Part B Deductible | 5% | * | | | | | | | | | |
| Medicare Part D | 5% | | M | 92.88 | 92.88 | 92.88 | 92.88 | 92.88 | 92.88 | 92.88 | 447.12 |
| Medicare Advantage MOP | 5% | | | 6,700.00 | 6,700.00 | 6,700.00 | 6,700.00 | 6,700.00 | 6,700.00 | 6,700.00 | |
| Medigap G | 5% | | M | | | | | | | | 2,076.00 |
| Primary Care Physician | 5% | * | | | | | | | | | |
| Mileage: Primary Care Physican | 4% | | | 6.84 | 6.84 | 6.84 | 6.84 | 6.84 | 6.84 | 6.84 | |
| Neurology | 5% | * | | | | | | | | | |
| Mileage: Neurology | 4% | | | 8.40 | 8.40 | 8.40 | 8.40 | 8.40 | 8.40 | 8.40 | |
| MRI Brain | 5% | * | | | | | | | | | |
| Mileage: MRI | 4% | | | 2.98 | 1.49 | 1.49 | 1.49 | 1.49 | 1.49 | 1.49 | |
| Neuropsychology Testing | 5% | | | 836.00 | 167.20 | 167.20 | 167.20 | 167.20 | 167.20 | 167.20 | 167.20 |
| Mileage: Neuropsychology Testing | 4% | | | 1.97 | 0.39 | 0.39 | 0.39 | 0.39 | 0.39 | | |
| Psychiatry | 5% | * | | | | | | | | | |
| Mileage: Psychiatry | 4% | | | 12.60 | 12.60 | 12.60 | 12.60 | 12.60 | 12.60 | 12.60 | |
| Serum Studies | 5% | * | | | | | | | | | |
| Mileage: Lab Work | 4% | | | 5.63 | 5.63 | 5.63 | 5.63 | 5.63 | 5.63 | 5.63 | |
| Counseling | 4% | | | 560.00 | 560.00 | 560.00 | 560.00 | 560.00 | 560.00 | 560.00 | 560.00 |
| Mileage: Counseling | 4% | | | 16.46 | 16.46 | 16.46 | 16.46 | 16.46 | 16.46 | 16.46 | |
| Care Management | 4% | | M | 6,480.00 | 6,480.00 | 6,480.00 | 6,480.00 | 6,480.00 | 6,480.00 | 6,480.00 | 6,480.00 |
| Lyrica | 5% | * | | | | | | | | | |
| Lexapro | 5% | * | | | | | | | | | |
| Trazadone | 5% | * | | | | | | | | | |
| Levothyroxine | 5% | * | | | | | | | | | |
| Shower Chair | 4% | | | | | 49.99 | 10.00 | 10.00 | 10.00 | 10.00 | 10.00 |
| Grab Bars | 4% | | | | | | | 45.98 | | | |
| Rollator Walker | 4% | * | | | | | | | | | |
| Transport Wheelchair | 4% | | | | | 202.00 | 20.20 | 20.20 | 20.20 | 20.20 | 20.20 |
| Reacher | 4% | | | | | 33.98 | 3.40 | 3.40 | 3.40 | 3.40 | 3.40 |

**Appendix A:  Items of Compensation for Lindy Sells**   Page 2 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-4 | Compensation Year 5 | Compensation Years 6-9 | Compensation Year 10 | Compensation Year 11 | Compensation Year 12 | Compensation Years 13-Life |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2026 | 2027-2029 | 2030 | 2031-2034 | 2035 | 2036 | 2037 | 2038-Life |
| Physical Therapy | 4% | * | | | | | | | | | |
| Mileage: Physical Therapy | 4% | | | 8.82 | 8.82 | 8.82 | 8.82 | 8.82 | 8.82 | 8.82 | |
| Occupational Therapy | 4% | * | | | | | | | | | |
| Mileage: Occupational Therapy | 4% | | | 29.40 | 29.40 | 29.40 | 29.40 | 29.40 | 29.40 | 29.40 | |
| Speech Therapy | 4% | * | | | | | | | | | |
| Mileage: Speech Therapy | 4% | | | 29.40 | 29.40 | 29.40 | 29.40 | 29.40 | 29.40 | 29.40 | |
| Companion Care | 4% | | M | 40,150.00 | 40,150.00 | 40,150.00 | 40,150.00 | 40,150.00 | 40,150.00 | 40,150.00 | |
| Daily Check in Care Call | 4% | | M | 659.40 | 659.40 | 659.40 | 659.40 | 659.40 | 659.40 | 659.40 | |
| Assisted Living Facility | 4% | | M | | | | | | | | 98,820.00 |
| Lost Earnings | | | | 1,372,933.00 | | | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | | | |
| Past Unreimbursable Expenses | | | | 2,571.00 | | | | | | | |
| Medicaid Lien | | | | 1,395.15 | | | | | | | |
| Annual Totals | | | | 1,683,674.73 | 56,103.71 | 56,389.68 | 56,137.31 | 56,183.29 | 56,137.31 | 56,136.92 | 108,583.92 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($56,775.58), lost earnings ($1,372,933.00), pain and suffering ($250,000.00), and past unreimbursable expenses ($2,571.00): $1,682,279.58.

As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and Healthy Blue, as reimbursement of the Healthy Louisiana Medicaid lien: $1,395.15.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.