# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

(Filed: September 3, 2026)

| | |
|---|---|
| LINDY SELLS,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 20-745V<br><br>Special Master Dorsey<br><br>Attorneys' Fees and Costs |

Renee J. Gentry, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner.
Emilie Williams, U.S. Department of Justice, Washington, D.C., for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

On June 22, 2020, Lindy Sells ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that she suffered acute disseminated encephalomyelitis ("ADEM") as a result of receiving a measles-mumps-rubella ("MMR") vaccine and/or a varicella vaccine on October 1, 2018. Petition at Preamble (ECF No. 1). On March 9, 2026, the undersigned issued her decision awarding damages based on the Respondent's proffer. (ECF No. 191).

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On July 11, 2024, Petitioner filed a motion requesting $140,365.70 in interim attorneys' fees and costs. (ECF No. 124). On January 15, 2025, Petitioner's motion was granted in part, and she was awarded $139,347.82. (ECF No. 142).

On May 19, 2026, Petitioner filed a final motion for attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 196). Petitioner requests total attorneys' fees and costs in the amount of $59,600.67, representing $48,944.40 in attorneys' fees and $10,656.27[3] in attorneys' costs. Additionally, Petitioner warrants that no personal costs were incurred in pursuit of this claim. (ECF No. 196-1). Respondent filed his response on September 2, 2026, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 199). Petitioner indicated thereafter that she does not intend to file a reply to Respondent's response. See *Informal Remark* dated September 3, 2026.

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART Petitioner's motion and awards a total of $57,890.37.**

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because Petitioner was awarded compensation pursuant to a damages decision, she is entitled to a final award of reasonable attorneys' fees and costs.

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

[3] There is a typographical error in the amount of costs requested by Petitioner herein. Petitioner's motion requests $10,686.27 in total costs. See ECF No. 196. at 1. However, the invoices reflect that a total of $10,656.27 was actually incurred. See ECF No. 196-1 at 29-70. Thus, the amount of costs to be awarded herein will be based on the evidence submitted.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing a Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

### 1. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for her attorneys The Law Office of Renee J. Gentry: for Ms. Renee Gentry: $561.00 per hour for time billed in 2024, $602.00 per hour for time billed in 2025, and $649.00 per hour for time billed in 2026. See Fees App. Ex. 1. These rates are consistent with what counsel has previously been awarded for her Vaccine Program work and the undersigned finds them to be reasonable herein.

### 2. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Upon review, the billing entries reveal several administrative tasks, such as reviewing or paying invoices for medical records. For example, on January 12, 2025, Ms. Gentry billed 0.20 hours to "[review] invoice for Lady of the Lake, [pay] invoice, updated file;" on January 29, 2025, Ms. Gentry billed 0.10 hours to "[review] invoice from MRO/Ochsner main campus, [pay] invoice, updated file;" and additional entries by Ms. Gentry dated March 26, 2025, and April 1, 2025. See ECF No. 196-1 at 9, 11, and 13.

It is well established that "[c]lerical and secretarial tasks should not be billed at all, regardless of who performs them." Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); see also Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"); Floyd v. Sec'y of Health & Hum. Servs., No. 13-556V, 2017 WL 1344623, at *5 (Fed.

Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature. Examples include scheduling status conferences ... preparing compact discs ... and filing documents through the CM/ECF system."); Kerridge v. Sec'y of Health & Hum. Servs., No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); Silver v. Sec'y of Health & Hum. Servs., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Accordingly, the amount billed for these tasks will not be reimbursed, resulting in a reduction of **$240.80**.

Additionally, I have identified several improperly billed tasks by Ms. Gentry in this matter, reflecting work considered to be paralegal in nature, such as drafting notices of filing exhibits, and election to accept judgment.[4] Counsel should note that "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." See Riggins v. Sec'y of Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." Doe/11 v. Sec'y of Health & Hum. Servs., No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these tasks are reasonable, they must be charged at non-attorney rates. This results in a reduction of **$1,469.50**.[5]

A special master need not engage in a line-by-line analysis of a Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests ... [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

Petitioner is therefore awarded final attorneys' fees of **$47,234.10.**

### B. Attorneys' Costs

Petitioner requests a total of $10,656.27 in attorneys' costs comprised of acquisition of medical records, postage, and life care planning services provided by Susan Guth from the Coordinating Center for Home and Community Care, Inc., for 41.55 hours at a rate of $195.00

---

[4] The following dated billing entries reflect tasks considered paralegal in nature based on the proffered descriptions of drafting notice of filing exhibits and election to accept judgment: 7/28/24, 9/8/24, 12/10/24, 1/29/25, 3/24/25, 3/26/25, 4/6/25, 6/2/25, 6/20/25, 2/5/26, 2/16/26, 3/11/26. See Ex. 1 at 4-27.

[5] This amount is calculated as follows: ($561.00 – $170.00 = $391.00 x 0.90 hours) + ($602.00 – $182.00 = $420.00 x 1.80 hours) + ($649.00 - $197.00 = $452.00 x 0.80 hours) = $1,469.50.

per hour for work performed in 2025 and 7.10 hours at a rate of $225.00 per hour for work performed in 2026. See Ex. 1 at 29-70. The undersigned has reviewed all of the costs and finds them to be reasonable and fully supported. Respondent did not object to the overall amount sought.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $48,944.40 |
| (Reduction of Fees) | ($1,710.30) |
| **Total Attorneys' Fees Awarded** | **$47,234.10** |
| | |
| Attorneys' Costs Requested | $10,656.27 |
| (Reduction of Costs) | - |
| | |
| **Total Attorneys' Fees and Costs** | **$57,890.37** |

**Accordingly, I award a lump sum in the amount of $57,890.37 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.